Gonzaga Rodriquez, case 09-30223. Counsel, if you'd admit, if you would introduce yourself as you begin, as I understand it you've got 10 minutes this morning. Thank you, your honor. May it please the court, my name is Joe Harrington. I'm an assistant U.S. attorney for the Eastern District of Washington, that's Spokane. I'd like to reserve two minutes for rebuttal. Your honors, at the outset I would note that in the government's opening brief and in the government's reply brief there was a citation to a case entitled United States v. Aguilar Montes de Oca. It's cited at 553 F. 3rd 1229. It's a Ninth Circuit 2009 case. That opinion has been withdrawn and superseded on petition for rehearing. That was done by order dated February 3rd of 2010 and that order is published at 594 F. 3rd 1080, this court, at 2010. In that order this court indicated that that case should not be cited for precedent by or to any court of the Ninth Circuit. I wanted to advise the court that that case has been, was cited in the government's briefs. Well, since I was on that en banc panel I knew I couldn't take too much from your site. It's just recently been heard. I understand, your honor. Go ahead. Thank you. Under the Arms Career Criminal Act, which is at 18 U.S.C. section 924 E, a defendant convicted of being a felon in possession of a firearm under 18 U.S.C. section 922 G1 who has three or more prior felony convictions for either a violent felony or serious drug offense is punishable by a mandatory minimum 15 year term of imprisonment. The Arms Career Criminal Act defines a serious drug offense to include a state drug trafficking offense for which the firearm is prescribed by law. At this defendant's original sentencing in 2004, the district court concluded that his two California convictions for residential burglary were violent felonies under the Arms Career Criminal Act, but his three Washington state convictions for delivery of controlled substance did not qualify as serious drug offenses because the maximum sentence for first-time offenders, notwithstanding the fact that the defendant himself as a recidivist was subject to a 10-year term of imprisonment maximum term. The Supreme Court ultimately reversed that holding and held that the maximum term of imprisonment prescribed by law under the Arms Career Criminal Act includes the applicable recidivist enhancements, and therefore this defendant's state drug offenses were subject to a 10-year term of imprisonment and therefore qualified as serious drug offense under the Act. Now this case has been around for a while, right? It has, your honor. It's been before the district court twice? That's correct, your honor. The Supreme Court once? Correct, your honor. This is your third rodeo here? This is the second time the case has been argued before the Ninth Circuit. And before the enhancement qualifying him for armed career status, raising the minimum guideline by 70 months? That was the argument in the original case that was addressed. Ever specific? I thought you had conceded that you had not specifically raised this issue until the briefs in this case. On remand, on the government did not specifically argue that a prior 1986 conviction in California triggered the recidivist enhancement. When did you first specifically raise the California conviction? Your honor, that conviction was set forth in the pre-sentence investigation. When did you, the government, first argue that the California Yes or no? The answer is yes. You want to give an explanation, that's fine. The answer is yes. The first time you raised it was in the appeal to this court, correct? That's correct, your honor. And it's correct, isn't it, that the government routinely tries to enforce waiver against defendants in similar circumstances? Your honor, I know that there is a rule about addressing issues in the first instance on In this case, though, reviewing the totality of the record. I didn't ask you about, and I hate to be flippant, I'm not asking you about the totality of the record. Isn't it correct that the government of the United States, in criminal appeals, routinely asserts waiver against defendants in similar circumstances? Your honor, I know that's a rule of law that is urging that a court of appeals on appeal hold a defendant to waiver under similar circumstances. I think that would be a fair statement, your honor. I don't think that it's a similar circumstance in this case, respectfully. Here's what I'd like to hear from you. Give me or give the panel a sensible policy rule for then, when the government asserts it, we enforce it. When a defense asserts it, we don't. In this case, I believe that the applicability of the armed for a criminal statute is something that this court should review de novo. It's a question of law. It's whether there is a, the statute applies or not. Take my word for it. I've read cases in this circuit, the government routinely asserts waiver against defendants on issues of law. What else would set this one apart? This, I think there's another point, is that the record is clear and it's never been objected to. The pre-sentence investigation report identified the 1986 prior drug-related, drug-related conviction. The government consistently argued that the Washington State three convictions had a maximum 10-year potential penalty. But you need the California conviction, don't you? Your honor, there would be no, no way to have the three Washington State convictions be 10-year maximum possible offenses if there hadn't been a prior drug-related traffic. So the answer is yes, you need the California conviction. Well, yes, your honor. And if the court looks at the judgments that were issued in the Washington State court, each and every one of those convictions, the judgment and commitment orders, indicate the defendant was subject to a 10-year possible maximum penalty. Yeah, I understand that. But you've conceded that you haven't raised it in your brief. You say it's a legal issue, so we should exercise our discretion. That's what's involved here, isn't it? Your honor, I must exercise our discretion to forgive your error. Correct? Well, your honor, I respectfully, the government has consistently argued that the Washington State convictions are AC... But you have never argued that the California conviction gets you there, right? Until this, the briefs in this case. Well, not What happened on sentencing and on remand, there were two burglary convictions out of California. Those burglary convictions were never contested at the first sentencing and only became a contest at the remand, at sentencing. And it was because the court, the district court applied the Aguilar Montes de Oca case. And therefore, the two prior burglary convictions out of California were excluded from the ACC analysis. And if the court looks at the record, the government then said, well, notwithstanding the application of that case, there are the three drug convictions in the state of Washington. Let me ask you a question, counsel. Are you suggesting to us that waiver is not an issue when on appeal, there is a question of law? Well, I... Are you suggesting that? Yes, no? In this case, I would submit respectfully, yes. Well, why is it any different on this case? That's my colleague's question. I mean, the bottom line is, we're really looking at, is a question of law in this case, I mean, is it something we ought to say every time? If it's a question of law, then waiver should not be something in front of us. Or is this something that we should do because we feel like it's just a good thing to do? I guess I'm trying to figure out, why is this any different than any other? Either it is a question of law, de novo review, therefore allowed, or it isn't. And I think under the facts in this case, I would, the government recommend or would respectfully request that the court, if the court is going to exercise its discretion... Is it a discretionary decision on my part? Well, it can be, and I think if the law has changed... It can be? What is the standard of review? In general, if it's a waiver, I don't look at it. There are some exceptions to that. Is it a discretion that I then use one of those exceptions, or do I automatically use them? That's the question. Your Honor, and I believe it's... I believe my time up is up. May I... Well, you may answer that question, then you're through. The government cited to Yankovic versus United States at 813 F2nd 1035. It's a 1987 case. And it sets forth a standard by which this court can consider issues. One, when the review is necessary to prevent manifest injustice, when there's been a change in the law that raises a new issue while the appeal is pending, and whether the issue is one purely of law. And I believe that would be the standard the court would use. Thank you. Thank you. Counsel. Good morning. Scott Hill for Mr. Rodriguez. I'm a CJA attorney out of Spokane. Please forgive me if I appear nervous. This is my first time here. Thank you. Can you help the panel with the question I posed to the government? Is there a... I assume you've argued in your briefs that the government's waived the assertion of the California conviction, correct? Correct. And this is a discretionary matter, whether we should forgive the waiver, if you will, and because it's a question of law. Can you help us with a sensible policy rule other than when the government asserts waiver against defendant, they win, and when the defendant asserts waiver against the government, they lose? I think, Judge, and without a whole lot of background in the case law, but I can think of a policy argument. Sure. And maybe working backwards on this case is the best way to do it. I had a chance because first time I heard about an allegation that the California conviction qualified as not necessarily a predicate but changed the convictions in Spokane to qualifying predicates, I went back and looked. And Judge, this is the first time this has ever been brought up. I don't know if I could make a valid policy argument from the first appeal, but I think I can make a proposal for a third rodeo or the fourth rodeo that certainly waiver would apply in that situation to all parties. But let me ask you a question which would help me. It's my understanding that your client as attorney was given the PSR and nobody disputed the criminal history showing the 1986 conviction, correct? I think it was the convictions were at least initially. They were in the PSR, right? The 1986 conviction was there. Nobody disputed it. I looked in the record. I couldn't find any dispute. And I couldn't find any dispute either, Judge. All right. Then I have never seen any place where the California conviction was even challenged. I don't know... One way or the other. I didn't see any place in there where you or any of your colleagues have ever argued that it was not one which related to a narcotic drug. And I don't think that was ever argued. And never argued at sentencing, never argued any place. That's correct. So in effect, nobody has challenged this conviction. It sits on the record. If it is a narcotic drug, then these three Washington convictions would allow for the enhancement. I think you're correct, Judge. So you didn't do anything or your predecessors didn't do anything in the courtroom to challenge the conviction. And based on the procedure that's involved here, the state or the government has never argued it before. That's correct. So now it's in front of us. That's correct. So at that point, given the statute or given the case law, one question that's purely one of law is one that undoes waiver, isn't it? Possibly, Your Honor. And I... Possibly? I cannot disagree with that statement, Judge. I mean, is that a discretionary decision that this panel makes, or is that one we automatically make? Can we decide to do it sometimes and not other times? Or is that something we have the right to look at the circumstances and decide what to do? Judge, I would argue that it would be discretionary. And... And what language, in what case, would you suggest that? I don't have that, Your Honor. All right. Well, and you concede that all the Washington convictions would carry the 10 year penalty if the California conviction were considered. I do, Judge. And I also concede that that would have been the case at any point in time, arguing this case. Correct. Including the first sentencing, including the first time in front of this body, and including in front of the Supreme Court. And the Supreme Court sent it back and said, look at it again, really. They said it was not... Yeah, they said that the... The Washington convictions... The Washington convictions were not in front of them, if I remember correctly. Yeah. So, I guess I'm back where Judge Hawkins is. What's the great rule of law I should follow? And... Because if, in fact, I have to look at this conviction because it's a question of law, which you wouldn't dispute that, whether I apply this conviction as a question of law. I mean, there's no fact determination. Nobody's thought about it prior to now. It's just, do I consider it or don't I? And I would argue, Judge, that possibly what needs to be done is a remand. If that is the situation, then it needs to be sent back to Judge Whaley, and we can consider this and argue this where it needs to be argued, which is in front of the sentencing court. And I'm not... I know that's not... Has nothing to do with judicial economy, but that's where this should have been brought up first, is the California conviction, because it ends the case. It ends the case. It was... It's a stronger argument than the burglary conviction. Have you got anything in those underlying facts in this case which would suggest you'd be able to challenge it in any way? Judge, I have been... And I have spoke with people that have been involved in this case for a long time. None of them ever remember hearing about this case. Okay. Would... If we were to remand to the district court and let you guys argue this out, could Judge Whaley or whoever got it back, I assume it'd go back to Judge Whaley, could he ignore the California conviction? Well, my understanding is that... I'm gonna ask you for a yes or no, just like I did of the government. He could if it did not qualify and... But you concede it does. But we're not sure of what kind of conviction it is and whether or not that requires a 10 year sentence on the Spokane case. My understanding is he is convicted of being under the influence of an archivist. Which your argument is that remand would allow a full factual exposition of the detail of the California conviction. Of the conviction, yes. And then he could decide whether it qualified or not. Correct. Okay. I understand your position. However, as I understand In re Cruz, it only suggests that the conviction under the chapter or under a statute of the United States or any state thereof, and all it says is relating to narcotic drugs. That's it. And that's a tough standard. Oh, relating to narcotic drugs. That's why I ask you, have you ever argued it didn't relate? Is there anything which suggests it wouldn't relate? Seems to me there's no way around relating. No, and I would agree, Judge. But this is a rough spot to argue that particular issue. And I think if anything is to be done, if waiver is not applied, then I think that the district court should have the opportunity to make those considerations and make a determination as to whether or not this California conviction that has never been talked about before applies and causes a 10-year maximum sentence in the Spokane cases. I'm good. We're good. Thank you very much for your argument and for your direct responses. I think we're finished. Thank you very much. The case United States versus Rodriguez, 0930223 is hereby submitted. We'll now hear TT versus Bellevue School District. Why don't you let me and my colleagues think about that after we get through? We'll get all these out of the way, and then we'll... It's okay. I'm delighted. I like this. The sun in Seattle is good. This is TT versus Bellevue School District 0935330. Good morning.
judges: Goodwin, Hawkins, Smith N. R.